UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JENIFER SAIN & RUSTY SAIN f/d <br>     Plaintiff <br><br> vs. <br><br> REGIONAL ADJUSTMENT BUREAU, INC. <br><br>     Defendant | ) Case Number <br> ) <br> ) <br> ) <br> ) CIVIL COMPLAINT <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Jenifer Sain & Rusty Sain, f/d, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Jenifer Sain, ("Plaintiff, Jenifer") & Rusty Sain, ("Plaintiff, Rusty") f/d, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that the Plaintiffs reside in this District, and the Defendant maintains a primary location in this District.

### III.  PARTIES

4.     Plaintiffs, Jenifer Sain & Rusty Sain, f/d, are adult natural persons residing in Atoka, Tennessee.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Regional Adjustment Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Tennessee and the State of Florida, with a principle place of business located at 7000 Goodlett Farms Parkway, Memphis, TN 38016.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.     In or around April, 2011, Plaintiff, Jenifer, started to receive constant calls to her personal cell phone from Defendant's agent, "Kim Weber", on a debt allegedly owed on a Concord school loan.

8.     Plaintiff, Jenifer, was informed that she owed the Defendant approximately $8,000.00.

9.     On each call, Defendant's agent, "Kim Weber", demanded that Plaintiff, Jenifer, make immediate payment.

10.    Plaintiff, Jenifer, informed the Defendant that could not afford to make payments large payments at this time.

11. Defendant's agent, "Kim Weber", demanded to know where Plaintiff, Jenifer, was employed so that the Defendant could contact her employer for garnishment.

12. On or about June 20, 2011, Plaintiff, Jenifer, received a call from Defendant's agent, "Kim Weber", insisting that Plaintiff, Jenifer, make a payment that day of $573.00.

13. Plaintiff, Jenifer, again informed Defendant's agent, "Kim Weber", that she could not afford anything more than $50.00 a month toward this account.

14. Defendant's agent, "Kim Weber", then told Plaintiff, Jenifer, that the Defendant would not accept anything less than $200.00 a month.

15. Plaintiff, Jenifer, again informed the Defendant that she could not afford such a high payment.

16. On that same call, Defendant's agent, "Kim Weber", stated that Plaintiff, Jenifer, had until 6:00 pm that evening to make a payment or she would be sued.

17. Plaintiff, Jenifer, told the Defendant that nothing would change by 6 pm.

18. Defendant's agent, "Kim Weber", became irate with Plaintiff, Jenifer, and told Plaintiff, Jenifer, that she would be calling back in five (5) minutes for the Plaintiff's banking information.

19. Defendant's agent, "Kim Weber", demanded that the Plaintiff, Jenifer, "post date" a check for the appropriate amount to pay on this account and send it to the Defendant.

20. Plaintiff, Jenifer, ended the call.

21. On or about that same day, June 20, 2011, Plaintiff, Rusty, received a call from Defendant to his place of employment.

22. Plaintiff, Rusty is a co-signer on Plaintiff, Jenifer's, above referenced school loan.

23. Plaintiff, Rusty, was also threatened with garnishment if he did not make a payment immediately on this debt.

24. On or about June 27, 2011, Plaintiff, Jenifer, spoke with the Defendant and asked for Defendant's address.

25. Plaintiff, Jenifer, wanted to send a cease and desist to the Defendant.

26. Defendant's agent, "Paula", refused to give Plaintiff, Jenifer, a mailing address.

27. Defendant's agent, "Paula", scolded Plaintiff, Jenifer, telling her that if she could not pay the debt she needed to have her father, Plaintiff, Rusty, pay the debt off for her.

28. Defendant has never sent anything in writing to either of the Plaintiffs.

29. Plaintiff, Jenifer, continues to receive daily calls to her personal cell phone collecting on the above referenced debt.

30. Plaintiff, Rusty, continued to receive daily calls from the Defendant to his place of employment and to his personal cell phone.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

34. As a result of Defendant's conduct, the Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1): At any unusual place, unusual time or unusual time & time known to be inconvenient to the consumer

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(2): | Accepted or solicited postdated checks by more than 5 days without 3 business days written notice of intent to deposit |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. cell phone calls |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Regional Adjustment Bureau, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: August 19, 2011**

BY: /s/ *Bruce K. Warren*
Bruce K. Warren, Esquire

BY: /s/ *Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215.745.9800  Fax: 215.745.7880
Attorneys for Plaintiff
bkw@w-vlaw.com
bv@w-vlaw.com